# ORIGINAL

Case No. **- 1 0 C V 1 3 0 6 - B**
(The Clerk of the convicting court will fill this line in.)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 6 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

NAME: _JOHN KEVIN KOTHMANN_

DATE OF BIRTH: _3/27/61_
PLACE OF CONFINEMENT: _Hutchins State Jail - T.D.C.J._

TDCJ-CID NUMBER: _1590449_       SID NUMBER: _03023192_

(1)   This application concerns (check all that apply):

☐   a conviction              ☐   parole

☐   a sentence               ☐   mandatory supervision

☒   time credit              ☐   out-of-time appeal or petition for
                                  discretionary review

(2)   What district court entered the judgment of the conviction you want relief from?
      (Include the court number and county.)

      _415 PARKER_

(3)   What was the case number in the trial court?

      _CR08-0869_

(4)   What was the name of the trial judge?

      _Hon. Graham Quisenberry_

Revised: <u>March 5, 2007</u>

1

(5)   Were you represented by counsel?  If yes, provide the attorney's name:

_Matt Hall_

(6)   What was the date that the judgment was entered?

_August 4, 2009_

(7)   For what offense were you convicted and what was the sentence?

_RETALIATION    3 years  TDCJ_

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_N/A_

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☒ guilty-plea bargain
☐ not guilty               ☐ _nolo contendere_/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)   What kind of trial did you have?

☒ no jury                     ☐ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

_N/A_

(12)   Did you appeal from the judgment of conviction?

☐ yes                     ☒ no

2

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to? _N/A_

(B)   What was the case number? _N/A_

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:
_N/A_

(D)   What was the decision and the date of the decision? _N/A_

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes          ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number? _N/A_

(B)   What was the decision and the date of the decision? _N/A_

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes          ☒ no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number? _N/A_

(B)   What was the decision and the date of the decision? _N/A_

(C)   Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_N/A_

3

(15)   Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☒ yes                    ☐ no

If you answered yes, answer the following questions:

(A)   What date did you present the claim?   __4/5/2010__

(B)   Did you receive a decision and, if yes, what was the date of the decision?

_I have not recieved a decision._

If you answered no, please explain why you have not submitted your claim:

_Please see exhibit A from the OFFENDER ORIENTATION H.B. States OFFENDER may file if he is within 180 days of "presumptive PAROLE Date" EXIHIBIT B - 01/2011 on "D.M.S. NEXT REVIEW"_

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:** I WILL GET Credit from the day the detainer was placed for M.T.R. Dallas County

**FACTS SUPPORTING GROUND ONE:**

December 20, 2007 I was placed on Felony Probation for (EHA 5328) September 26, 2008 I was arrested in Parker County TX. for Retaliation/Obstruction and Public intox. I was given a $3,000.00 bond for Retaliation and time served on the Public intox. Before I could bond out, Dallas County issued M.T.R. giving me a No Bond Status. EX Parte Spates, 521 S.W. 2d 265 (Tex. Crim. App. 1975) I am entitled to credit for this time

August, 4, 2009 I was convicted for retaliation and Sentenced to T.D.C.J. to run concurrent with all back-time (CRO8-0869) See exhibit "C" Feb. 8, 2010 my 3 yr Felony Probation was revoked and I was sentenced to 2 yrs TDCJ to run Concurrent with all back-time.

(please go to page 10)

6

**GROUND TWO:** I get credit while in T.D.C.J on other charges if a detainer is placed against me. Ex Parte Bynum, 772 S. W2d 113 (Tex Crim. App. 1989)

**FACTS SUPPORTING GROUND TWO:**

Just because I couldn't find the detainer (please see exhibits "F" and "E") the fact remains that I was bench warranted to Dallas 2-8-2010 for MTR. NOTE: this was 5 days before my mandatory OF 2-13-2010 for CRO8-0869 and subsequent D.M.S. (please see exhibit "B"). So, there was in fact a detainer in place; therefore, I am entitled to this time as well. The 2yr. sentence for MTR (EHA 5328) does in no way begin at my short-way for CRO8-0869 as the D.A. has calculated my time. The "Hold" real or implied, were in fact in place. The DA can't have his cake and eat it too! Undeniably its in the best interest of the D.A. to structure her case without a hold being specifically in place (prevent overlapping) but the over-all design (fresh felony conv.; TDC Time; benchwarrant; prob. rev; TDC time) hints of the hold by proxy and by inference an overall designer.

7

**GROUND THREE:**

My Inmate Trust Fund Account #1590449 has been charged $1711.00 Court fee that Hon. Graham Quisenberry ordered that I did not have to pay; as well as 282 Court in Dallas

**FACTS SUPPORTING GROUND THREE:**

Exhibit "J" is Order Determining Appointment of Council - Indigency without Reimbursement

"The Court further finds defendant presently has no financial Resources to pay or Contribute to the cost of legal services and related expenses."

This bill was forgiven by the court 415 District and 282 DISTRICT Respectively; therefore, needs to be stricken from my record. Upon parole or discharge a $1711.00 outstanding bill from the courts would only be detremental and unfair. My time incarcerated in T.D.C.J. should pay for this.

NOTE EXHIBIT K- Simply states a bill for $1711.00 !!! No breakdown what so ever. Where did this figure come from?

**GROUND FOUR:** The way this time is calculated is not what I plea bargained for with my attorney.

**FACTS SUPPORTING GROUND FOUR:**

From the start, Sept 26, 2008, (the day of my arrest) I was up-front with the officials of Parker Co. and my attorney, Matt Hull, that I was on Felony Probation in Dallas County. During negotiations, Matt Hull even spoke to my probation officer, MRS. Williams from the Buckner office in Dallas. The D.A. in Dallas County was envolved in the plea agreement. Parker County and Dallas County were informed through my attorney that I was pleading out to 3yrs TDCJ to run concurrent with Dallas County's revokation. I was told by Matt Hull that per Standard Operating Procedure that Dallas Co. would run theirs under Parker Counties. Now, after it has been done, Dallas County ran theirs over Parker County's actually increasing the maximum expiration date by 2 months. ~~I've been played for a fool!~~ This was misleading and confusing and not what I plea bargained for.

EXHIBIT "C"

9

**GROUND:** ONE

_____

_____

**FACTS SUPPORTING GROUND:**

So the hold out of Dallas Co. was placed on me sometime in Oct. of 2008. EXHIBIT "D" is a bond issued after my Lawyer, Matt Hall, went on sick leave for Heart Surgery. His case load was put on hold; therefore, bonds were issued in fairness. EXHIBIT "D" proves the existance of a Dallas Co. hold for F0758403S.

EXHIBIT "E" is an I-60 to the Records Dept. Showing No Detainers as of 10/15/09 ???

EXHIBIT "F" is a request from me thru SCFO to District Attorney Dallas County to revoke my probation. It was ignored and I was bench warranted to court 2/8/2010 (Five days before my mandatory on CR08-0869.) NOTE EXHIBIT "B" DMS was issued at this time. NOT ONLY DID THIS Legal maneuver cost me a year set off but they are trying to change my dates too. See exhibit "G"

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

Ground One
Fact Supporting Ground:

exhibit "G" page #2 under Remarks:

SBD and max DT Change from SBD 09-26-08 to
SBD 11-20-09 max DT 09-26-11 to max DT 11-20-11.
"KEYED W/O CARD R.H." IS THIS S.O.P. ??
These calculations do NOT reflect time credited back
to the Date the MTR was issued out of Dallas
County. They had me denied Bond until
exhibit "D" was issued. Never the less there was
still a hold out of Dallas County.

EXHIBITS "H" and "I" are time sheets. "H" is for
a 3yr Sentence, JOHN K. KOTHMANN 1590449.
It reflects 101%.
"I" is a 2yr. Sentence, JOHN K. KOTHMANN 1590449
It reflects 38%. Two Seperate time sheets. One TDC # !!
I'm being informed by "unit Parole" that the 2yr.
Sentence is now the "dominant" sentence
actually increasing the maximum expiration
date by 2 months. EXHIBIT "F" from SCFO
says the holding case is the 3 yr. Sentence,
I'm Direct Conflict with each other.
Concurrent with all back-time, the 2yr Sentence
F-0758403-S should have S.B.D. Sometime
in October of 2008; therefore exhausted, run
its course, by Oct. 2010. (MAX. EXP. DT.)

## VERIFICATION

(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

### OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.


_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.


_____
Signature of Notary Public


### INMATE'S DECLARATION

I, _John Kevin Kothmann_, BEING PRESENTLY

INCARCERATED IN _Hutchins State Jail_, DECLARE UNDER

PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN

THE APPLICATION ARE TRUE AND CORRECT.


SIGNED ON _6-24-10_.

_John Kevin Kothmann_
Signature of Applicant


11

_____
Signature of Attorney

Attorney Name: _____

SBOT Number: _____

Address:       _____

               _____

               _____

Telephone:     _____

12