IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KEVIN KOTHMANN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1306-B |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner John Kevin Kothmann, a Texas prisoner, has filed a combined application for writ of habeas corpus under 28 U.S.C. § 2254 and civil rights complaint under 42 U.S.C. § 1983. For the reasons stated herein, the habeas application should be dismissed without prejudice for failure to exhaust state remedies, and the civil rights complaint should be dismissed as frivolous.

I.

In 2009, petitioner pled guilty to retaliation in Parker County, Texas ("the Parker County case"), and was sentenced to three years confinement. The next year, petitioner pled guilty to assault causing bodily injury in Dallas County, Texas ("the Dallas County case"), and was sentenced to two years confinement. Sometime after his Dallas County conviction, petitioner learned that he had not been awarded "back time" credits on his Parker County conviction. (*See* Hab. Pet. at 5). Although petitioner filed a grievance with Texas prison authorities, he did not receive a written response

within 180 days of his presumptive release date. (*See* Mag. J. Interrog. #1).[1] Petitioner then filed this action in federal district court challenging his Parker County conviction.

II.

In three grounds for relief, petitioner contends that: (1) his guilty plea was induced by misrepresentations that his sentences in the Parker County case and the Dallas County case would run concurrently; (2) he is entitled to credit on his sentence for "back time" spent in custody; and (3) TDCJ officials improperly withdrew money from his inmate trust account to pay court costs.

On July 30, 2010, the court sent written interrogatories to petitioner to determine whether any of these claims were raised in state court. Petitioner answered the interrogatories on August 11, 2010, and the case is ripe for initial screening by the court.

A.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a prisoner must exhaust state remedies by presenting his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

---

[1] Section 501.0081 of the Texas Government Code requires the TDCJ to develop "a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled." TEX. GOV'T CODE ANN. § 501.0081(a) (Vernon 1999). However, an inmate is permitted to bypass the grievance procedure if he has not received a written decision within 180 days of submitting the grievance or if he is within 180 days of his presumptive release date. *See id.* § 501.0081(b)(2) & (c).

Petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. (*See* Hab. Pet. at 2; Mag. J. Interrog. #3). Although petitioner filed a grievance with Texas prison authorities with respect to his sentence credit claim, such a grievance does not satisfy the exhaustion requirement. *See Wilson v. Thaler*, No. 2-10-CV-0123-J, 2010 WL 2771911 at *1 (N.D. Tex. Jun. 29, 2010) (citing cases), *rec. adopted*, 2010 WL 2771910 (N.D. Tex. Jul. 13, 2010) (state prisoner challenging time credits must exhaust state remedies under both the inmate dispute resolution process and article 11.07 before filing a federal habeas petition). Consequently, petitioner's habeas claims should be dismissed without prejudice for failure to exhaust state remedies.

B.

To the extent petitioner challenges the unauthorized withdrawal of funds from his inmate trust account, such a claim implicates the conditions of his confinement and must be brought under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (if a favorable resolution of claim would not automatically entitle the prisoner to accelerated release, the proper vehicle is a section 1983 action); *Calvert v. Quarterman*, No. 2-07-CV-0135-J, 2008 WL 216346 at *2 (N.D. Tex. Jan. 24, 2008) (prisoner challenging unauthorized withdrawal of funds from inmate trust account must do so in civil rights action). Moreover, "[w]here a habeas petition contains both habeas claims and civil rights claims properly brought under 42 U.S.C. § 1983, the district court should separate out the § 1983 claims and address them." *Nubine v. Thaler*, No. 10-20225, slip. op. at 3 (5th Cir. Sept. 13, 2010), *citing Patton v. Jefferson Correctional Cntr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).

Here, petitioner alleges that he never authorized the TDCJ to withdraw funds from his inmate trust account for any reason. (*See* Hab. Pet. at 6). The intentional deprivation of property by prison

officials does not give rise to a federal civil rights claim unless the inmate can show that state remedies are inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Because Texas provides an adequate post-deprivation remedy to prisoners by way of a common law action for conversion, *see Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994), petitioner cannot maintain a cause of action under 42 U.S.C. § 1983. *See also Thieleman v. County of Aransas*, No. CC-08-78, 2010 WL 610651 at *4-5 (S.D. Tex. Feb. 17, 2010), *citing Parratt*, 101 S.Ct. at 1917 (Texas provides adequate post-deprivation remedy for improper withholding of funds from inmate trust account).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus challenging the validity of his guilty plea and the denial of sentence credits should be dismissed without prejudice for failure to exhaust state remedies. To the extent petitioner challenges the unauthorized withdrawal of funds from his inmate trust account, such a claim must be brought under 42 U.S.C. § 1983 and should be summarily dismissed as frivolous.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE